UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| YASIR MEHMOOD, | No. 2:18-cv-2931-JAM-KJN PS |
|---|---|
| Plaintiff, | |
| v. | ORDER AND |
| JEANNE MARIE MARTIN & MICHAEL CHAVEZ, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Yasir Mehmood, who proceeds in this action without counsel, filed his complaint and application to proceed *in forma pauperis* in October of 2018. (ECF Nos. 1, 2) The Court granted Plaintiff's IFP application, ordered service, and set an initial scheduling conference for May 2, 2019. (ECF Nos. 4, 6). However, on March 18, 2019, the Court determined that in light of Plaintiff's detention, the scheduling conference should be vacated. (ECF No. 7.) The Court ordered the parties to file a joint status report by April 25, 2019. (Id.)

The parties failed to submit any reports, and so on June 7 the court ordered plaintiff to show cause in writing why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the court's orders. (ECF No. 8.) The court observed that even though the Clerk provided plaintiff with copies of the summons for service in December of 2018, no statement has been filed indicating the required documents

1

were submitted to the U.S. Marshal, and neither Defendant has appeared in this action. (Id.) This strongly suggested that plaintiff failed to submit the process documents to the United States Marshal in compliance with the Court's order. (Id.)

The new twenty–one day deadline to respond to the OSC has now passed, and plaintiff again failed to respond. For the reasons discussed below, dismissal is warranted at this juncture.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and

may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46 F.3d at 53. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the first two Ferdik factors strongly support dismissal. Plaintiff's repeated failure to respond to the court's order or effectuate service upon defendants strongly suggests that plaintiff is not interested in seriously prosecuting the action, or at least does not take his obligations to the court and other parties seriously. Indeed, plaintiff has not even requested an extension of time on any articulated basis, let alone shown good cause for a further extension of time to comply with the court's orders.[1] Any further time spent by the court on this case will consume scarce judicial resources and take away from other active cases.

The third Ferdik factor, prejudice to a defendant, also favors dismissal. This case has remained stagnant since plaintiff initially filed his complaint in October of 2018, and at a minimum, defendants have been prevented from attempting to resolve this case on the merits by plaintiff's unreasonable delay in prosecuting this action.

---

[1] To date, the court's service of its orders by mail have not come back unreturned. However, even if they had, it is plaintiff's duty to keep the court informed of their current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

The fifth Ferdik factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the court has actually pursued remedies that are less drastic than dismissal. The court *sua sponte* granted plaintiff additional time to respond to the scheduling order, or serve defendants, or voluntarily dismiss the case under Fed. R. Civ. P. 41(a) Additionally, the court finds no suitable alternative to recommending dismissal of the action. In light of plaintiff's repeated failure to respond, despite the court's explicit orders, the court has little confidence that plaintiff would pay monetary sanctions if they were imposed in lieu of dismissal. Based on the limited record before the court at this stage of the proceedings, the court also cannot properly fashion any issue or evidentiary sanctions.

The court recognizes the importance of giving due weight to the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits. However, the fourth Ferdik factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to serve defendants and comply with court orders that precludes a disposition on the merits.

Therefore, after carefully evaluating and weighing the Ferdik factors, the court concludes that dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The entire action be dismissed pursuant to Federal Rule of Civil Procedure 41(b); and

2. The Clerk of Court be directed to close this case.

In light of the foregoing recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. With the exception of objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to further motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: July 2, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mehm.2931